UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANGIE BOUDREAUX, an individual,
on behalf of herself and all others
similarly situated, and BARBARA
WILLIAMS, on behalf of herself and
all others similarly situated,

                    Plaintiffs,

          -v-                              5:23-CV-1498 (LEAD)
                                           5:23-CV-1571 (MEMBER)
SYSTEMS EAST, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

### <u>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING CLASS NOTICE</u>

On November 29, 2023, named plaintiff Angie Boudreaux ("Boudreaux"), a

victim of an online data breach, filed this putative class action alleging that

defendant Systems East, Inc. ("defendant"), which provides online payment

processing services, failed to implement certain security features that led to a

data breach.  Dkt. No. 1.  This action was later consolidated with a second

data breach case brought by named plaintiff Barbara Williams ("Williams").

Dkt. No. 12.  Thereafter, Boudreaux and Williams ("plaintiffs") jointly filed a

consolidated class action complaint.  Dkt. No. 18.

On June 27, 2024, the parties notified the Court that they had reached a class-wide settlement through mediation.  Dkt. No. 26.  Plaintiffs have moved for: (1) certification of the settlement class: (2) appointment of Class Counsel; (3) preliminary approval of the settlement agreement; (4) approval of the proposed class notice; (5) appointment of a settlement claims administrator; and (6) an Order scheduling a Final Approval Hearing and certain, related deadlines.  Dkt. No. 28.  The motion is unopposed.  *See id.*

Upon consideration of the memorandum of law and supporting exhibits, and after reviewing the Settlement Agreement and Class Notice materials (*i.e.*, the Claim Form, Short Form Notice, and Long Form Notice), it is

ORDERED that

1.  The unopposed motion for preliminary approval of the consolidated class action settlement (Dkt. No. 28) is GRANTED;

2.  The Court FINDS, on a preliminary basis, that the consolidated class settlement memorialized in the parties' Settlement Agreement (Ex. 1 to Dkt. No. 28-2) meets the requirements for preliminary approval as required by Federal Rule of Civil Procedure 23(e) and other applicable laws;

3.  Preliminary approval of the Settlement Agreement is GRANTED.  In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiffs' claims, the stage of the proceedings at which the

settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class Members, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23;

4.  For settlement purposes only, the following Settlement Class is CERTIFIED pursuant to the Settlement Agreement and FED. R. CIV. P. 23:

> all individuals to whom Systems East sent notice of the data security incident.

5.  This Settlement Class consists of individuals to whom defendant sent notice of a data security incident on or around November 16, 2023, that was experienced on or about August 25, 2023;

6.  The following are EXCLUDED from this Settlement Class: (1) the Judge and Magistrate Judge presiding over the Litigation, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members, and shareholders of defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the data security incident or who pleads nolo contendere to any such charge;

7.  The Court FINDS that, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, giving notice is justified.  The Court FINDS that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate.  The Court FINDS that it will likely to be able to certify the Settlement Class for the sole purpose of judgment on the settlement because it meets all the requirements of Rule 23(a) and Rule 23(b)(3).

8.  The Court FINDS, for settlement purposes only, that (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Representative Plaintiffs are typical of, and arise from, the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiffs have no interests antagonistic to, or in conflict with, the Settlement Class Members and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy;

9.  The Court FINDS that the Representative Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and be appointed as the Class Representatives.  The Court FINDS that the proposed Class Counsel, Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP, 750 B Street, Suite 1820, San Diego, CA, 92101, (619) 239-4599; M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation, 865 Howe Ave., Sacramento, CA 95825, (916) 239-4778; and Mason A. Barney of Siri & Glimstad LLP, 745 Fifth Avenue, Suite 500, New York, NY, 10151, (212) 532-1091 will likely satisfy the requirements of Rule 23(e)(2)(A) and are appointed as Class Counsel pursuant to Rule 23(g)(1);

10.  The Court FINDS that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), personal jurisdiction over the parties before it, and that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1);

11.  The Court APPOINTS Angeion Group as the Claims Administrator, with responsibility for class notice and claims administration.  The Claims Administrator is directed to perform all tasks the Settlement Agreement reasonably requires in effectuating the Notice, Notice Program, and Claims Administration.  The Claims Administrator's fees will be paid out of the Settlement Fund pursuant to the Settlement Agreement;

12.  The Court FINDS that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement

Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to, or to exclude themselves from, the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause of the U.S. Constitution.

13.  The Court FINDS that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members;

14.  The Court APPROVES the proposed method for providing notice set forth in the Settlement Agreement;

15.  The Court APPROVES the Claim Form, Short Form Notice, and Long Form Notice attached to the Settlement Agreement as Exhibits A, B, and C;

16.  The Court APPROVES non-material modifications to these Exhibits with approval of the Parties and without further Order of this Court;

17.  The Claims Administrator is DIRECTED TO CARRY OUT the Notice Program in accordance with the Settlement Agreement;

18.  Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Claims Administrator at the address and in the manner and within the time provided for in the Notice.  Such requests for exclusion must meet the opt-out deadline established by this Order and stated in the Notice;

19.  Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement;

20.  A request for exclusion must be in writing and must: (a) state the name of this proceeding (styled *Boudreaux et al. v. Systems East, Inc.*, No. 5:23-CV-1498-DNH-ML (N.D.N.Y.), or similar identifying words (such as "Systems East Security Incident Lawsuit, No. 5:23-CV-1498"); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) must be signed by the Settlement Class Member;

21.  A request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked by the Opt-Out Date shall be INVALID and the Settlement Class Member serving such a request shall, if the Final Approval Order and Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered with respect to the Settlement Class;

22.  The Claims Administrator shall forward a list of all requests for exclusion to Class Counsel and to Defendant's Counsel within SEVEN DAYS of the Opt-Out Date;

23.  If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment;

24.  Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the settlement;

25.  Upon entry of the Final Approval Order and Judgment, all members of the Settlement Class who have not personally, validly, and timely requested to be excluded from the Settlement Class will be enjoined from

proceeding against Systems East and the Related Entities under the

Settlement Agreement with respect to the Release Claims;

26. Any Settlement Class Member who does not elect to be excluded from

the Settlement Class may object to the Settlement, Class Counsel's request

for fees and expenses, and/or the request for service awards to the

Representative Plaintiffs, provided, however, that no Settlement Class

Member shall be heard or entitled to contest such matters, unless the

objection is: (a) electronically filed by the Objection Date; or (b) mailed first-

class postage prepaid to the Clerk of Court, at the address listed in the

Notice, and postmarked by no mater than the Objection Date;

27. For the objection to be considered by the Court, the objection must be

in writing and include: (a) the name or caption of this Litigation; (b) the

objector's full name, address, telephone number, and e-mail address (if any);

(c) information identifying the objector as a Settlement Class Member,

including proof that the objector is a member of the Settlement Class; (d) a

written statement of all grounds for the objection, accompanied by any legal

support for the objection that the objector believes is appropriate; (e) the

identity of all counsel representing the objector, if any, in connection with the

objection; (f) a statement confirming whether the objector and/or the

objector's counsel will appear at the Final Fairness Hearing; (g) a statement

identifying all class action settlements objected to by the objector and his/her

attorney, if applicable, within the last five years; and (h) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative, if any;

28. Any Settlement Class Member who fails to comply with the provisions in this Order and/or fails to timely file and serve an objection in writing in accordance with this Order and the Settlement Agreement will WAIVE and FORFEIT any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment if entered;

29. The Settlement Agreement contemplates the establishment of a claims process. As set forth in the Settlement Agreement, Systems East shall fund a non-reversionary cash settlement fund in the amount of $1,000,000 for the benefit of Settlement Class Members (the "Settlement Fund").

30. The Settlement Fund will be used to pay for: (1) reimbursement for Out-of-Pocket Losses; (2) Alternative Cash Payments; (3) notice and administration costs; (4) service award payments approved by the Court; and (5) attorneys' fees and expenses awarded by the Court;

31.  The Court preliminarily APPROVES this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice;

32.  The Claims Administrator will be responsible for effectuating the claims process;

33.  Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form;

34.  If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects by subject to and bound by the provisions in the Final Approval Order and Judgment, including the release of any and all claims against Systems East and Related Entities concerning and/or deriving from the data security incident;

35.  This Order, the Settlement Agreement, the proposed settlement, and all related proceedings shall become null and void, shall have no further force or effect, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective position existing immediately before the Settlement Agreement was signed, if: (a) the settlement is not

finally approved by the Court; (b) the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement; or (c) there is no Effective Date;

36.  In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever, including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are, or ever were, satisfied for purposes of this Litigation.  This Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed;

37.  This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date.  Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed or used as an admission, concession, or declaration by or against defendant of any fault, wrongdoing,

breach, or liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiffs or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit;

38.  The Court ORDERS the following schedule of dates for the specified actions and further proceedings:

| EVENT | TIMING |
|---|---|
| Deadline to provide notice to State Attorneys General or others as required by 28 U.S.C. § 1715(b), which shall be coordinated and funded by counsel for Representative Plaintiffs | 10 days after filing of the Motion for Preliminary Approval |
| Deadline for Defendant to provide Settlement Class List to Claims Administrator pursuant to the Settlement Agreement | 7 days after the entry of this Order |
| Notice Program Commencement ("Class Notice Date") | 30 days after the entry of this Order |
| Notice Program Completion | 60 days after the entry of this Order |
| Deadline for Class Counsel to file motion for attorneys' fees, costs, expenses, and service awards | 14 days before Objection Deadline and Opt-Out  Deadline |
| Objection Deadline | 60 days after the Class Notice Date |

| Opt-Out Deadline | 60 days after the Class Notice Date |
|---|---|
| Claims Deadline | 60 days after the Class Notice Date |
| Deadline for Plaintiffs to file motion for final approval of settlement and responses to any timely submitted Settlement Class Member objections, which shall include a declaration from the Claims Administrator confirming execution of, and compliance with, its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely requests for exclusion | 21 days prior to the Final Fairness Hearing |

39.  A Final Fairness Hearing shall be held on <u>Wednesday, December 4, 2024, at 1:30 p.m., at the U.S. Courthouse at 10 Broad Street in Utica, New York, in the 3rd floor courtroom</u>; and

40.  The Final Fairness Hearing, and any of the related deadlines, may be adjourned or continued or held remotely without further notice to the Settlement Class, except that the revised dates and times, if any, shall be posted on the website maintained by the Claims Administrator.

The Clerk of the Court is directed to set deadlines accordingly and terminate the pending motion.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  August 15, 2024

Utica, New York.