UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANGIE BOUDREAUX, an individual,
on behalf of herself and all others
similarly situated, and BARBARA
WILLIAMS, on behalf of herself and
all others similarly situated,

     Plaintiffs,

   -v-        5:23-CV-1498 (LEAD)
             5:23-CV-1571 (MEMBER)

SYSTEMS EAST, INC.,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On November 29, 2023, named plaintiff Angie Boudreaux ("Boudreaux"), a victim of an online data breach, filed this putative class action alleging that defendant Systems East, Inc. ("defendant"), which provides online payment processing services, failed to implement certain security features that led to a data breach. Dkt. No. 1. This putative class action was later consolidated with another data breach case brought by named plaintiff Barbara Williams ("Williams"). Dkt. No. 12. Thereafter, Boudreaux and Williams ("plaintiffs") jointly filed a consolidated class action complaint. Dkt. No. 18.

On June 27, 2024, the parties notified the Court that they had reached a class-wide settlement through mediation. Dkt. No. 26. Thereafter, plaintiffs moved for: (1) certification of the settlement class; (2) appointment of Class Counsel; (3) preliminary approval of the settlement agreement; (4) approval of the proposed class notice; (5) appointment of a claims administrator; and (6) an Order scheduling a Final Approval Hearing. Dkt. No. 28. That motion was unopposed, *see id.*, and granted on August 15, 2024, Dkt. No. 29. The Court certified the following Class:

> all individuals to whom Systems East sent notice of the data security incident.

Dkt. No. 29 ¶ 4.

The parties have since distributed Class Notice. Plaintiffs have moved for final approval of the Settlement Agreement, Dkt. No. 31, and for an award of attorney's fees, costs, and service awards for plaintiffs, Dkt. No. 30. No Class Member has objected to the settlement and only one Class Member has requested to be excluded from it. Dkt. No. 31-3 ¶¶ 13–14.

Upon consideration of the memoranda of law and supporting exhibits in light of the governing law, and after conducting a hearing on this matter in open session on this date at the U.S. Courthouse in Utica, New York, at which <u>no objectors</u> appeared, it is

ORDERED that

1. The unopposed motion for final approval of the consolidated class action settlement (Dkt. No. 31) is GRANTED;

2. The unopposed motion for attorney's fees, costs, and service awards (Dkt. No. 30) is GRANTED;

3. The Settlement, including the attached exhibits, is APPROVED as fair, reasonable, and adequate in accordance with Rule 23(e) of the Federal Rules of Civil Procedure;

4. This Final Approval Order SHALL INCORPORATE the definitions set forth in the Settlement Agreement, and all capitalized terms used in this Order shall have the same meaning as set forth in the Settlement Agreement unless otherwise noted;

5. The Court FINDS that it has jurisdiction over the subject matter of this Litigation and over all claims raised therein and parties thereto, including the Settlement Class;

6. The Court FINDS that the Settlement was entered into by the parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it;

7. The Court FINDS that the Settlement Agreement was entered into in good faith following informed, arms' length negotiations conducted by experienced counsel with the assistance of a well-respected mediator and is non-collusive;

8. For purposes of the Settlement only, the Court FINDS and DETERMINES that the Litigation may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that:

(a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 192,292 individuals who reside in the United States, and that joinder of all such persons would be impracticable;

(b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member;

(c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement;

(d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and

(e) as set forth below, the Representative Plaintiffs and Class Counsel are adequate representatives of the Settlement Class;

9. The Court FINDS that the proposed Class satisfies all of Rule 23's requirements;

10. The Court therefore CERTIFIES, for settlement purposes only, a Settlement Class defined as: All individuals residing in the United States to whom Systems East sent notice of the data security incident;

- 5 -

11. The following categories of individuals are EXCLUDED from the Settlement Class: (1) the Judge and Magistrate Judge presiding over the Litigation, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members, and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, or aiding or abetting the criminal activity or occurrence of the Security Incident or who pleads *nolo contendere* to any such charge;

12. The approved Notice Program provided for a copy of the Short Form Notice to be mailed to all members of the Settlement Class who have been identified by Defendant through its records with a mailing address, and additional notice via the Long Form Notice posted on the Settlement Website for those whose mailing addresses were not available within Defendant's records. For mailed notices returned with a forwarding address, the Claims Administrator mailed Short Form Notices to forwarding addresses;

13. The Claims Administrator maintained the Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Long Form Notice, and the Claim Form.

14.  The Claims Administrator also maintained a toll-free help line for Settlement Class Members to call with settlement-related inquiries, with the option to leave a message and request a call back and answered the questions of Settlement Class Members who called with or otherwise communicated such inquires;

15.  The Court FINDS and DETERMINES that the Notice Program constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules;

16.  The Notice Program involved direct notice via mail and the Settlement Website providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement;

17.  The Court FINDS that notice has been provided to the appropriate state and federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections;

18.  The Court APPOINTS Angie Boudreaux and Barbara Williams as Class Representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a);

19.  The Court APPOINTS Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP; Anderson Berry of Clayeo C. Arnold, Professional Corp.; and Mason A. Barney of Siri & Glimstad LLP as Class Counsel;

20.  Any person failing within he definition of the Settlement Class had the opportunity, upon request, to be excluded or "opt out" from the Class;

21.  The one person[1] who opted to be excluded from the Settlement shall have no rights under the Settlement, shall not share in the distribution of the Settlement Benefits, and shall not be bound by the Settlement or any final judgment entered in this Action;

22.  Any Class Member had the opportunity to enter an appearance in the Litigation, individually or through counsel of their own choice;

23.  Any Class Member also had the opportunity to object to the Settlement and the attorney's fees and expenses award and to appear at the Final Fairness Hearing and show cause, if any, why the settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a final judgment should not be entered thereon, why the settlement

---

[1] *See* Ex. C to Albenze-Smith Decl., Dkt. No. 31-3 at 12.

should not be approved, or why the attorney's fees and expenses award should not be granted, as set forth in the Court's Preliminary Approval Order;

24. There were NO OBJECTIONS filed in this case to either the settlement or to the attorney's fees, costs, and service awards;

25. Any Settlement Class Member who did not make their objections in the manner any by the Objection Date set forth in the Notice shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order by the Court;

26. Upon the entry of this Final Order, the Class Representatives and all Settlement Class Members, as defined in this Order, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims or causes of action against Systems East and the Related Entities based on, relating to, concerning, or arising from the data security incident and alleged potential exposure or misuse of Settlement Class Members' PII, and the Class Representatives and all Settlement Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims;

27. The Court FINDS that Class Counsel's request for attorney's fees of $333,333.33 and litigation expenses of $15,000.00 is fair and reasonable,

particularly in light of the results achieved through this Litigation as well as the contingent nature of the fee award;

28. Class Counsel are AWARDED fees of $333,333.33 and costs of $15,000;

29. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement;

30. The Court FINDS that service awards of $2,000.00 to each of the Representative Plaintiffs are fair and reasonable, particularly in light of the results obtained for the Settlement Class as a direct result of the Representative Plaintiffs' willingness to act as Class Representatives and assist Class Counsel in this Litigation;

31. Each Representative Plaintiff is AWARDED a service award in the amount of $2,000;

32. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement;

33. The Claims Administrator shall make all required payments from the Settlement Fund in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submitted an approved claim, for the attorney's fees and costs, for the service awards, and for all settlement administration costs;

34. All funds held by the Claims Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court;

35. The above-captioned Actions are hereby DISMISSED WITH PREJUDICE, with each party to bear their own costs and fees except as otherwise provided in this Final Approval Order and Judgment.

The Clerk of the Court is directed to terminate the pending motions and close the LEAD and MEMBER files.

IT IS SO ORDERED.

Dated: December 4, 2024
Utica, New York.

*[Signature]*
David N. Hurd
U.S. District Judge